**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **3:10-CR-0075-O(01))** |
| | § | |
| **JASON WAYNE CHILDS,** | § | |
| **Defendant/Movant.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On June 9, 2014, Defendant, a federal prisoner, filed a *pro se* motion requesting permission to file second motion to vacate sentence under 28 U.S.C. § 2255, which was referred to the Magistrate Judge. For the reasons that follow, it is recommended that the motion be transferred to the United States Court of Appeals for the Fifth Circuit.

## I. BACKGROUND

Defendant pled guilty to attempted receipt of child pornography and was sentenced to 210-months imprisonment followed by a lifetime term of supervised release. *See United States v. Childs*, 437 F. App'x 347 (5th Cir. 2011) (direct appeal dismissed based on counsel's *Anders* brief). Defendant unsuccessfully sought relief under 28 U.S.C. § 2255. *See Childs v. United States*, No. 3:12-CV-1405-O-BD, 2012 WL 7801603 (N.D. Tex. Nov. 19, 2012), *recommendation accepted*, 2013 WL 1197745 (N.D. Tex. Mar. 22, 2013), *certificate of appealability denied* (5th Cir. 2014). In the present motion, Defendant seeks leave to file a second section 2255 motion. [Doc. 130].

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a defendant may file a second or successive application for federal habeas relief. *See* 28 U.S.C. §§ 2255(h) and 2244(b).  In general, to raise a new claim, the defendant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*).  Before a defendant may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing.  *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A)-(B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the defendant permission to file such an application.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion.  Because Defendant must obtain such an order before he can file a successive application challenging his conviction, his motion for permission to file a second section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion for permission to file a successive section 2255 motion [Doc. 130] be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).

SIGNED June 13, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE